IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-0394 |
| ANTHONY RENARD WYNN, | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

On March 19, 2018, Defendant Anthony Renard Wynn ("Wynn" or "Defendant") pled guilty to conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of heroin and four hundred (400) grams or more of fentanyl, in violation of 21 U.S.C. § 846. (*See* Indictment, ECF No. 1; Re-Arraignment, ECF No. 39.)  This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed sentence in the range of 156 to 180 months of imprisonment. (Plea Agreement, ECF No. 40.) Ultimately, the Court sentenced Wynn to 156 months of imprisonment followed by a 5-year term of supervised release. (Judgment, ECF No. 50.)  Defendant has now served approximately 44 months of that sentence.

On September 4, 2020, the Defendant filed the presently pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 61).  In his Motion, Wynn argues that he is entitled to compassionate release because his medical conditions have rendered him uniquely susceptible to COVID-19. (*Id.*)  On March 3, 2021, the Government filed correspondence with this Court stating that both the Government and the Defendant Wynn jointly recommend home confinement for a period of 5 years. (ECF No. 65.)  The

parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Wynn's Motion for Compassionate Release (ECF No. 61) is GRANTED.

## BACKGROUND

On July 26, 2017, the Defendant was charged in a two-count criminal Indictment. (ECF No. 1.) Count One charged Wynn with conspiracy to distribute and possess with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841, 846, and Count Two charged him with possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1). (*Id.*) On March 19, 2018, Wynn pled guilty to Count One. (ECF No. 39.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed sentence in the range of 156 to 180 months of imprisonment. (ECF No. 40.)

Under the terms of the Plea Agreement, Wynn made certain factual and Guidelines stipulations. As to the facts, Wynn stipulated that during a lawful traffic stop, authorities found approximately one kilogram of heroin and $11,620 in cash in his vehicle. (ECF No. 40.) Based on the items seized during the traffic stop and investigators' previous surveillance of the Defendant, authorities obtained and executed a search warrant for his storage unit, his home, and a local barbershop allegedly connected to drug distribution. (*Id.*) From the storage unit, investigators seized approximately one kilogram of fentanyl, 3 kilograms of heroin, and an electronic money counter. (*Id.*) Wynn stipulated that the quantities of drugs seized in both his car and the storage unit were far in excess of the amount intended for personal use and would indicate an intention to distribute. (*Id.*) As to the Guidelines, Wynn stipulated to a final offense level of 30. (*Id.*)

Ultimately, this Court sentenced Wynn to 156 months of imprisonment and 5 years of supervised release on July 16, 2018.  (ECF No. 50.)  The Defendant has now served approximately 44 months of that sentence and is scheduled to be released on July 12, 2028. (ECF No. 61.)  On September 4, 2020, Wynn filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 61), in which he argues that he suffers from type 2 diabetes, and due to such condition, has presented extraordinary and compelling reasons for compassionate release in light of the COVID-19 pandemic.  As the Defendant alleges, type 2 diabetes is a risk factor identified by the Center for Disease Control and Prevention ("CDC") which places individuals at a higher risk for severe illness if they are to contract COVID-19.  *See* CDC, *People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited Mar. 18, 2021).

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.  The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

3

the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

Wynn has satisfied the procedural perquisites for filing the instant motion in federal court by exhausting his administrative remedies as required by the First Step Act. (ECF No. 61 at 2.) On April 15, 2020 he filed a request for a sentence reduction with the warden, and his counsel filed a subsequent request seeking compassionate release on July 21, 2020. (*Id.*) As thirty days have elapsed since Wynn's request, his motion is properly before this Court. Therefore, this Court must determine whether extraordinary and compelling reasons warrant a reduction; whether Wynn is a danger to the community; and whether a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

This Court finds that Wynn has shown extraordinary and compelling reasons for reduction in his sentence. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a

partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). In this case, Wynn suffers from type 2 diabetes, which is confirmed to put an individual at a higher risk of severe illness if he is to contract COVID-19. The Government has reviewed the Defendant's medical records and agrees that such condition meets the eligibility criteria for extraordinary and compelling reasons for compassionate release. (ECF No. 65.) Accordingly, this Court is satisfied that Wynn has shown an extraordinary and compelling reason for release under the first set of circumstances set forth by the Sentencing Commission.

This Court is also satisfied that Wynn does not present a danger to his community and that a reduction in his sentence is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of similar factors. Under § 3553(a), the court considers (1) Wynn's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote

5

respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

An examination of these factors indicates that compassionate release is appropriate. First, while the offense conduct in this case was certainly serious, it involved neither weapons, allegations of violence, nor minors. Further, as the Government provides, based on the evidence in Wynn's case, the Defendant did not have a leadership role in the drug conspiracy in which he was implicated. (ECF No. 65.) Wynn's criminal history reflects three convictions: a 1991 state trespassing conviction, a 1994 federal drug conviction, and the federal drug conviction for which he is currently serving a prison sentence. (*See* Presentence Investigation Report, ECF No. 43.) However, he has maintained a clean disciplinary record during his current prison sentence, is being held with a minimum-security classification, and according to the Bureau of Prisons has a low risk recidivism level. (ECF No. 65.)

The Defendant's counsel has also confirmed that there is a strong release plan in place for Wynn if he is released. Specifically, Wynn will live with his wife and their 12-year old son at their family home in Maryland. (ECF No. 65.) Wynn's wife, who has worked at the Social Security Administration for 15 years, is reportedly willing and able to serve as a third-party custodian for him during a period of home confinement. (*Id.*) Wynn has stated that during his home confinement he will devote his time to becoming a better person by, among other things, attending court-ordered programs. (*Id.*) Additionally, the parties provide that it was Wynn's gambling habit that led to his renewed involvement in drug trafficking activities more

than thirteen years after his previous drug conviction. (*Id.*) Wynn will seek gambling addiction treatment, and the parties agree that he will be prohibited from participating in any form of gambling. (*Id.*) The Government has also agreed to allow Wynn to attend church service with his family, as well as his son's school and sporting events that take place in Maryland when in-person activities are safe to resume. (*Id.*)

Accordingly, it is HEREBY ORDERED this 23rd Day of March 2021, that Defendant Anthony Renard Wynn's Motion for Compassionate Release pursuant to 18 U.S.C. § 3585(c)(1)(A) (ECF No. 61) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Anthony Renard Wynn's term of incarceration is reduced to time served, such that he is to be released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Anthony Renard Wynn in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of Fairton FCI shall forthwith release from custody the person of the Defendant, Anthony Renard Wynn;

4. Defendant Anthony Renard Wynn shall be on supervised release for a period of five years as ordered in the Judgment & Commitment Order of July 16, 2018 (ECF No. 50) with the following conditions as a part of that supervised release:

    a. the Defendant is prohibited from participating in any form of gambling;
    b. the Defendant will be placed on home confinement at the family home at which the Defendant's wife and son reside with his wife as the third-party custodian; and
    c. the Defendant has permission to attend church service with his family and his son's school and sporting events in the state of Maryland when in-person activities are safe to resume;

5. While traveling from Fairton FCI to his residence in Maryland, Defendant Anthony Renard Wynn will isolate himself to the best of his ability.  Upon reaching his residence Defendant Anthony Renard Wynn shall observe applicable stay-at-home orders; and

6. The United States Probation Office will review the conditions of release with Defendant Anthony Renard Wynn.

                                                                                /s/
                                                    Richard D. Bennett
                                                    United States District Judge